THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| David Ammon Jakeman,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>State of Utah, et al.,<br><br>　　　　　　　　Defendant. | ORDER DENYING MOTION TO EXPEDITE and MOTION FOR TEMPORARY RESTRAINING ORDER and PRELIMINARY INJUNCTION<br><br>Case No. 2:25-cv-102 DAK DBP<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Dustin B. Pead |

Pending before the court are two motions. Plaintiff David Ammon Jakeman filed a Motion to Expedite Complaint (ECF No. 4.) and a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 7.) The court will deny both motions.

## BACKGROUND

As set forth in Plaintiff's Complaint, Mr. Jakeman "was found guilty during a two-hour bench trial in the Fourth District Court of Utah in Spanish Fork of multiple misdemeanor domestic violence offenses in [certain] cases."[1] After being convicted, sentences were then imposed requiring Plaintiff to serve a period of incarceration. Five permanent "continuous protective orders" under Utah Code §78B-7-804 were issued involving Plaintiff's five non-victim minor children who were named as protected parties. Mr. Jakeman asserts these "continuous protective orders" are permanent and prohibit him from "approaching, interacting with or communicating in any way … with any of his five (5) non-victim minor children."[2] Due

---

[1] Complaint at ¶32, ECF No. 1.

[2] *Id.* at §35.

to these restrictions, Plaintiff's parental rights were "completely and permanently severed" without any adherence to the required due process protections mandated by both the U.S. and Utah Constitutions. Plaintiff brings claims for the violation of substantive due process, equal protection, and injunctive and declaratory relief.

## DISCUSSION

Although Plaintiff's Motions are titled differently—a Motion to Expedite and a Motion for Temporary Restraining Order and Preliminary Injunction—there is substantial overlap between the two motions. Plaintiff cites to caselaw utilizing the same framework for deciding the motions, the standard used by courts to determine whether a preliminary injunction should be granted, and Plaintiff relies on nearly identical arguments. Plaintiff seeks expedited consideration of this case asking the court to "prioritize this matter due to the severe and ongoing harm inflicted upon himself and on all those similarly situated by Utah Code 78B-7-804(3), 78B-7-804(4), and 78B-7-804(5) which have resulted in the complete and forever severance of Plaintiff's parental rights in, and his relationships with, his non-victim minor children."[3] Plaintiff argues expedited consideration is warranted here asserting the risk of irreparable harm, time-sensitive issues, or substantial constitutional concerns.

Mr. Jakeman also cites to Fed. R. Civ. P. 65 in moving for a Temporary Restraining Order and Preliminary Injunction against Defendants seeking to enjoin them from enforcing Utah Code § 78B-7-804.[4] The continuous protective order here names all five of Plaintiff's non-victim minor children unlawfully terminating his parental rights.

---

[3] Motion for Expedited Consideration at 2, ECF No. 4.

[4] Utah Code Ann. § 78B-7-804 (2024) provides in relevant part:

> (3)(a) Because of the serious, unique, and highly traumatic nature of domestic violence crimes, the high recidivism rate of violent offenders, and the demonstrated increased risk of continued acts of violence subsequent to the release of a perpetrator who is convicted of or adjudicated for domestic

The Tenth Circuit has provided that prior to a preliminary injunction being entered under Fed. R. Civ. P. 65, a moving party must establish that:

> (1) [the movant] will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.[5]

It is the movant's burden to establish each of these factors weigh in their favor. However, when the "moving party has established that the three 'harm' factors tip decidedly in its favor, the 'probability of success requirement' is somewhat relaxed.[6] In such cases, a movant "'need only questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation.'"[7]

### A.  Irreparable Harm

To establish irreparable harm, an injury must be certain, great, actual "and not theoretical."[8] Irreparable harm is not harm that is "merely serious or substantial."[9] "[T]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."[10]

---

violence, it is the finding of the Legislature that domestic violence crimes warrant the issuance of continuous protective orders under this Subsection (3) because of the need to provide ongoing protection for the victim and to be consistent with the purposes of protecting victims' rights under Title 77, Chapter 38, Crime Victims, and Article I, Section 28 of the Utah Constitution.

Utah Code Ann. § 78B-7-804.

[5] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (citing *Resolution Trust Corp. v. Cruce*, 872 F.2d 1195, 1188 (10th Cir. 1992)).

[6] *Id.* at 1189 (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, (10th Cir. 2001)

[7] *Id.* (quoting *Resolution Trust*, 972 F.2d 1195, 1199 (10th Cir. 1992) (internal quotations and citations omitted)).

[8] *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C.Cir.1985).

[9] *Prairie Band*, 253 F.3d at 1250 (quotation omitted).

[10] *Id.* (emphasis in original) (brackets, citations, and internal quotation marks omitted).

Plaintiff does not present evidence of an irreparable harm or injury. Indeed, with an upcoming divorce hearing that addresses child custody issues, Plaintiff's alleged harms may cease, or at a minimum, will be addressed by the Utah State Court.

### B. Balance of Harms

"To be entitled to a preliminary injunction, the movant has the burden of showing that 'the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction.'"[11] This determination turns on the injury to the State and its statute along with potential harm to Plaintiff's ex-wife. At this time such a determination is difficult to assess because Defendants have not entered the case, and the Complaint has yet to be served. Plaintiff's arguments and proffered evidence, however, does not tip the scales strongly in his favor.

### C. Public Interest

"A movant also has the burden of demonstrating that the injunction, if issued, is not adverse to the public interest."[12] The court is not persuaded that an injunction against Utah's Statute is not adverse to the public interest. The Utah Legislature noted the "serious, unique, and highly traumatic nature of domestic violence crimes."[13] The court does not make any determination about Plaintiff's actions in the underlying matter, but entering an injunction here could have a serious impact on other cases placing individuals at risk. Plaintiff has failed to persuade the court that entering an injunction here is not adverse to the public interest.

### D. Likelihood of Success on the Merits

Finally, the court must consider Plaintiff's likelihood of success. Plaintiff argues he has strong constitutional claims under the Due Process and Equal Protection Clauses of the

---

[11] *Heideman*, 348 F.3d at 1190 (quoting *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001)).
[12] *Id.* at 1191.
[13] Utah Code Ann. § 78B-7-804.

Fourteenth Amendment. And courts have "consistently struck down laws that permit the government to deprive parents of their rights without due process."[14]

Plaintiff's likelihood of success is undermined by his own representation. In his motion for expedited consideration, Mr. Jakeman notes that he has a "divorce hearing scheduled for July 7-8, 2025 in which legal and physical child custody, parent time, child support, and other related matters critical to his and his children's emotional, psychological and mental health and wellbeing will be determined."[15] The statue at issue here, Utah Code Ann §78B-7-804 provides that the "court shall notify the perpetrator of the right to request a hearing."[16] Thus, the statute itself provides for a due process procedure that according to Plaintiff, is scheduled. These facts undermine Plaintiff's position that he is likely to succeed on the merits.

## CONCLUSION AND ORDER

Based on the record and evidence before it, the court is not persuaded that this matter should receive expedited consideration or that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction should be granted. Plaintiff has failed to meet his burden in establishing the need for such relief at this time.

Accordingly, Plaintiff's Motions are both DENIED.

DATED this 26 February 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[14] Motion for Expedited Consideration at 6.

[15] Motion for Expedited Consideration at 4.

[16] Utah Code Ann. §78B-7-804 (3)(c)(i).